# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE BUCK,<br>Petitioner,<br><br>vs.<br><br>MICHAEL PUGH, Warden at Northeast Ohio Corr. Ctr.; FRANK LECLAIRE, Case Mgr. Supv. At Renewal Center, Inc.,<br>Respondents. | Civil Action No. 12-1669<br><br>Judge Terrence F. McVerry/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") by a federal prisoner be dismissed.

### II. REPORT

On November 14, 2012, Dale Buck ("Petitioner") filed his Motion for Leave to Proceed In Forma Pauperis, accompanied by a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner sought to challenge, not his conviction, but only the fact that he was found guilty of a disciplinary charge which resulted in the loss of forty-one days of Good Conduct Time ("GCT"). The sole remedy that Petitioner requested in the Petition was "to be immediate[e]ly released from custody[.]" ECF No. 8 at 9. However, during the pendency of this action, Petitioner was released from custody on November 30, 2012 upon completion of his sentence of incarceration. Upon his release from custody, Petitioner began to serve his term of supervised release. The Respondents filed an Answer, ECF No. 15, in which they pointed out, *inter alia*, that the Petition became moot upon Petitioner's release from custody. Petitioner did not file a traverse to the Answer and so he has failed to show any collateral consequences

flowing from the denial of GCT credits, as is his burden. Thus, we agree with the Respondents that this case is moot and should be dismissed as such.

Because Petitioner sought only to challenge the loss of GCT credits which serve only to shorten the time of actual incarceration and those GCT credits cannot be used to shorten any period of supervised release,[1] this case is clearly now moot. The holding of the United States Court of Appeals for the Third Circuit in Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009) is applicable here.

> Burkey has served his sentence but remains subject to a 3-year term of supervised release. However, he did not challenge the validity or reasonableness of that term in his habeas corpus petition . . . . His challenge was more remote, attacking only what the BOP had done, and urging it as the basis for the sentencing court to now afford him relief against an indisputably valid term of supervised release. In such circumstances, he must demonstrate that collateral consequences exist; they will not be presumed. *Cf. Jackson*, 523 F.3d at 241 (*Cottman* held that collateral consequences will not be presumed when "[a] defendant who is serving a term of supervised release ... challenges only his completed sentence of imprisonment").
>
> Even though collateral consequences are not presumed, a petitioner may still avoid a finding of mootness if he can show a continuing injury, or collateral consequence, that is sufficient. *Spencer*, 523 U.S. at 14, 118 S.Ct. 978. The delayed commencement of Burkey's validly imposed term of supervised release is, he alleges, his "continuing injury," but this is insufficient for mootness purposes in his case, given his release from BOP custody.

Accord Denny v. Schultz, 708 F.3d 140, 143 n.4 (3d Cir. 2013) ("Because Hernandez–Zapata has served the custodial portion of his criminal sentence and because he can suffer no collateral consequence or continuing injury from the loss of the forty days good time credit, we conclude that Hernandez–Zapata's claim is now moot."); Buczek v. Werlinger, __ F. App'x __, 2013 WL 518602 (3d Cir. 2013). In like manner, because Petitioner has

---

[1] Williams v. Chester, No. 08–3177, 2008 WL 4585465, at *1 (D.Kan. Oct. 14, 2008) ("good conduct credits cannot be applied to reduce a term of supervised release.") (citing U.S. v. Johnson, 529 U.S. 53, 60 (2000)("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.")).

2

been released from the custody of the Bureau of Prisons ("BOP") and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot.[2]

**III. CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                        Respectfully submitted,

                                        *s/Maureen P. Kelly*
                                        MAUREEN P. KELLY
                                        UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2013

cc:     The Honorable Terrence F. McVerry
        United States District Judge

        Dale Buck
        3817 Prospect Street
        Pittsburgh, PA 15234

        All counsel of record via ECF

---

[2] No recommendation is made as to a certificate of appealability as the requirement for such does not apply herein. Burkey, 556 F.3d at 146 ("certificate of appealability not required to appeal from denial of section 2241 petition")(citing United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) )